# PROOF OF CITIZENSHIP STATUS CLAIM

# PURSUANT TO TITLE 8 USC SECTION 1481: JURISDICTION



JUDICIAL BRANCH OF LIBERIA
MONTSERRADO COUNTY

OFFICE OF THE CLERK OF COURT, FIRST
JUDICIAL CIRCUIT, CRIMINAL ASSIZES "B"
MONTSERRADO COUNTY, MONROVIA





# Certificate of Citizenship

Permit Number: 1082.08

Be it known that on this __15ᵗʰ__ day of __December__ A.D. 19 __99__ Mr. (Mrs.)(Miss.) __Malachi Z. York__ who previous to his (her) naturalization was a citizen or subject of the __United States of America__ at present residing at __Monrovia__ in the Republic of Liberia having filed __his__ Declaration of Intention as provided by Law and having satisfied me by __his__ own statement under oath that __Malachi Z. York__ is a person of good moral character attached to the principles of the Constitution of the Republic of Liberia and being in every respect a law abiding person during __his__ residence in the Republic and having taken oath to support and uphold the Constitution and Laws of the Republic of Liberia against all enemies, foreign and domestic, and to renounce and adjure all allegiance and fidelity to all foreign powers and particularly to the said __United States of America__ being the foreign power to which __he__ formerly owed allegiance.

Therefore it is ordered that the said __Malachi Z. York__ be and __he__ is hereby admitted as a citizen of the Republic of Liberia __by Naturalization__

In witness whereof this certificate is signed by the Clerk of Court, First Judicial Circuit, Criminal Assizes "B", County of Montserrado this __15ᵗʰ__ day of December A.D. __1999__

SWORN and SUBSCRIBED TO BEFORE ME
this 27 day of May, A.D. 200



MARY MAMIE HOWE
NOTARY PUBLIC, MONTSERRADO CO
REPUBLIC OF LIBERIA

*Clerk of Court aforesaid*



CRIMINAL COURT "B"
CLERK

OFFICE OF THE

## DECLARATION OF INTENTION

I, DR. MALACHI Z. YORK, ON OATH OR AFFIRMATION DECLARE THAT IT IS MY INTENTION TO SETTLE PERMANENTLY IN THE REPUBLIC OF LIBERIA AND TO BECOME A CITIZEN THEREOF, AND I DO HEREBY DECLARE MY ALLEGIANCE AND FIDELITY TO THE REPUBLIC OF LIBERIA, AND RENOUNCE SAME TO ALL FOREIGN OR POWER AND PARTICULARLY TO THE UNITED STATES OF AMERICA, BEING THE FOREIGN POWER OF WHICH I AM NOW A CITIZEN OR SUBJECT.

SO HELP ME GOD

GIVEN UNDER MY HAND AND SEAL OF THIS COURT, THIS 12TH DAY OF JULY 1997.

SEAL OF COURT

CLERK, CRIMINAL COURT "B" MO. CO.

Descriptions:

AGE: _____ 51 _____

ALLEGIANCE: REPUBLIC OF LIBERIA

OCCUPATION: RELIGIOUS MINISTER

DATE OF BIRTH: 06 – 26 – 45

PLACE OF BIRTH: BOSTON, MA

PASSPORT NUMBER: 083157444

PERMIT NUMBER: 108208

DATE OF ARRIVAL: MAY 5, 1996

PLACE OF RESIDENCE: CITY OF GBARNGA

Malachi Z. York

$10.00 Revenue Stamp affixed on the original.

# ATTACHMENT A



## REPUBLIC OF LIBERIA

*Office of the President*

December 15, 1999

Dr. Malachi Z. York
Athens, Georgia
United States of America

I am pleased to appoint you hereby as Consul General of the Republic of Liberia to Atlanta, Georgia, United States of America.

This preferment is evident of our conviction and expectation that you will continue to be of greater service to Liberia and its people, especially those in the State of Georgia.

Congratulations.

Cordially yours

Dahkpannah Dr. Charles Ghankay Taylor

**EXHIBIT F**

# Garland, Samuel & Loeb, P.C.
TRIAL ATTORNEYS

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Telephone (404) 262-2225
Facsimile (404) 365-5041
E-mail cmallox@attbi.com

Edward T. M. Garland
Donald F. Samuel
Robin N. Loeb
David E. Tuszynski
Manubir S. Arora
W. Charles Lea
Anne H. Coolidge-Kaplan
Nelson O. Tyrone III

Reuben A. Garland (1903-1952)

March 28, 2003

Lt. Guy Mustello
Jones County Jail
P. O. Box 874
Gray, GA  31032

Re:   <u>Malachi (Dwight) Z. York</u>

Dear Mr. Mustello:

I am notifying your office that we are requesting Malachi (Dwight) Z. York be considered for International Prisoner Transfer under the provisions of 81 U.S.C. §4100 et seq.

Attached is a copy of a letter from our client authorizing such process begin immediately.

Please let me know if you have any questions or concerns. Thank you for your assistance.

Yours very truly,

Manubir S. Arora

MSA;yvj
Enclosure



LII / Legal Information Institute

Search Law School     Search Cornell

# U.S. Code collection

TITLE 8 > CHAPTER 12 > SUBCHAPTER III > Part III > § 1481

## § 1481. Loss of nationality by native-born or naturalized citizen; voluntary action; burden of proof; presumptions

(a) A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality—

(1) obtaining naturalization in a foreign state upon his own application or upon an application filed by a duly authorized agent, after having attained the age of eighteen years; or

(2) taking an oath or making an affirmation or other formal declaration of allegiance to a foreign state or a political subdivision thereof, after having attained the age of eighteen years; or

(3) entering, or serving in, the armed forces of a foreign state if

(A) such armed forces are engaged in hostilities against the United States, or

(B) such persons serve as a commissioned or non-commissioned officer; or

(4)

(A) accepting, serving in, or performing the duties of any office, post, or employment under the government of a foreign state or a political subdivision thereof, after attaining the age of eighteen years if he has or acquires the nationality of such foreign state; or

(B) accepting, serving in, or performing the duties of any office, post, or employment under the government of a foreign state or a political subdivision thereof, after attaining the age of eighteen years for which office, post, or employment an oath, affirmation, or declaration of allegiance is required; or

(5) making a formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state, in such form as may be prescribed by the Secretary of State; or

(6) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the



## LII / Legal Information Institute

# U.S. Code collection

TITLE 8 > CHAPTER 12 > SUBCHAPTER III > Part I > § 1408

## § 1408. Nationals but not citizens of the United States at birth

Unless otherwise provided in section 1401 of this title, the following shall be nationals, but not citizens, of the United States at birth:

(1) A person born in an outlying possession of the United States on or after the date of formal acquisition of such possession;

(2) A person born outside the United States and its outlying possessions of parents both of whom are nationals, but not citizens, of the United States, and have had a residence in the United States, or one of its outlying possessions prior to the birth of such person;

(3) A person of unknown parentage found in an outlying possession of the United States while under the age of five years, until shown, prior to his attaining the age of twenty-one years, not to have been born in such outlying possession; and

(4) A person born outside the United States and its outlying possessions of parents one of whom is an alien, and the other a national, but not a citizen, of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than seven years in any continuous period of ten years—

(A) during which the national parent was not outside the United States or its outlying possessions for a continuous period of more than one year, and

(B) at least five years of which were after attaining the age of fourteen years.

The proviso of section 1401 (g) of this title shall apply to the national parent under this paragraph in the same manner as it applies to the citizen parent under that section.

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

Case 5:08-cv-00455-CAR-CMP    Document 1-5    Filed 12/29/08    Page 8 of 11

interests of national defense; or

(7)   committing any act of treason against, or attempting by force to overthrow, or bearing arms against, the United States, violating or conspiring to violate any of the provisions of section 2383 of title 18, or willfully performing any act in violation of section 2385 of title 18, or violating section 2384 of title 18 by engaging in a conspiracy to overthrow, put down, or to destroy by force the Government of the United States, or to levy war against them, if and when he is convicted thereof by a court martial or by a court of competent jurisdiction.

(b)   Whenever the loss of United States nationality is put in issue in any action or proceeding commenced on or after September 26, 1961 under, or by virtue of, the provisions of this chapter or any other Act, the burden shall be upon the person or party claiming that such loss occurred, to establish such claim by a preponderance of the evidence. Any person who commits or performs, or who has committed or performed, any act of expatriation under the provisions of this chapter or any other Act shall be presumed to have done so voluntarily, but such presumption may be rebutted upon a showing, by a preponderance of the evidence, that the act or acts committed or performed were not done voluntarily.

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01297-EWN-KLM

MALACHI Z. YORK, also known as DWIGHT YORK,

     Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

     Defendant.

## JOINT MOTION TO VACATE AND RESET DISPOSITIVE MOTION DEADLINE

Plaintiff Malachi Z. York, Consul General Diplomat D/P #003828-04 of the Republic of Liberia, West Africa Citizenship, misnomer Dwight D. York (Inmate #17911-054) [hereinafter "Plaintiff"], through his undersigned counsel, and Defendant the Federal Bureau of Prisons ("BOP"), through its undersigned counsel, hereby jointly move to vacate the dispositive motion deadline set for April 24, 2008 and reset it for September 2, 2008. In support of this motion, the parties state as follows:

1.     Plaintiff filed a first Prisoner Complaint on June 20, 2007. (Doc. 1.) To correct deficiencies in his first Complaint, the Court ordered Plaintiff to file an Amended Prisoner Complaint by August 6, 2007. See Doc. 5.

2.     In the following months, Plaintiff requested and received multiple extensions of time to file an amended complaint. See Doc. 7 (Aug. 6, 2007, motion for extension of time); Doc. 8 (order granting motion); Doc. 10 (Sept. 10, 2007, motion for extension of time); Doc. 12 (order granting motion); Doc. 17 (Nov. 5, 2007, motion for expedited discovery and extension of time); Doc. 19 (order granting motion).

3. On October 8, 2007, Plaintiff filed a motion for expedited discovery. (Doc. 14.) On November 5, 2007, Plaintiff filed a second motion for expedited discovery and an extension of time to file the amended complaint. (Doc. 17.)

4. On November 8, 2007, the Court granted Plaintiff's motion for expedited discovery, ordering that Defendant produce "all medical and disciplinary documents in their possession that relate to Plaintiff from May 8, 2002, through the present date" by November 23, 2007. (Doc. 19.) The Court also granted Plaintiff's motion for an extension of time, allowing Plaintiff until December 24, 2007 to file an amended complaint. Id.

5. On November 21, 2007, Defendant provided Plaintiff's counsel with the documents responsive to the Court's November 8, 2007 Order.

6. Plaintiff filed an Amended Complaint on December 24, 2007. (Doc. 24.)

7. Defendant filed a Motion to Dismiss the Amended Complaint on February 22, 2008 (Doc. 35).

8. The parties attended a Scheduling Conference on February 27, 2008. In the Scheduling Order, the parties indicated that they would file a joint motion to vacate and reset the dispositive motion deadline. (Doc. 38 at 8 n.1, 11.) At the Scheduling Conference, Magistrate Judge Mix advised that she could not change the dispositive motion deadline, but that a motion to the Court would be required. Id. at 8.

9. The parties agree that more discovery is needed in this case, including the possibility of multiple expert depositions, and will require additional time to conduct such discovery. For example, the parties cannot conduct written discovery, take fact depositions, prepare

expert reports, and take expert depositions within two months. At the Scheduling Conference, the Court set August 1, 2008 as the discovery cut-off. Id. This is one month before the parties' proposed Dispositive Motion Deadline.

10.    Moreover, at the Scheduling Conference, the Court set April 12, 2008 as the deadline for amendment of the complaint and joinder of parties. Id. Plaintiff has indicated a desire to file a Second Amended Complaint and to add a claim for damages against newly-named Defendants in their individual capacities. See id. at 5-6. If Plaintiff files this Second Amended Complaint on April 12, 2008, it will be nearly impossible for the parties to file meaningful dispositive motions with the Court by April 24, 2008.

WHEREFORE, the parties respectfully request that the dispositive motion deadline be vacated and reset for September 2, 2008. A proposed order is attached.

Respectfully submitted this 4th day of March, 2008.

s/ Leta R. Holden
Leta R. Holden, Esq
Holden Law Office, PLLC
1330 Leyden Street, Suite 145
Denver, CO 80220
Telephone: (303) 321-1993
Fax: (303) 321-0793
E-mail: lholden@holdenlaw.org
Counsel for Plaintiff

TROY A. EID
United States Attorney

s/ Marcy E. Cook
Marcy E. Cook
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Telephone: (303) 454-0171
Fax: (303) 454-0408
E-mail: marcy.cook@usdoj.gov
Counsel for Defendant

COURT'S KNOWLEDGE

-3-