RECEIVED
CLERK'S OFFICE

**IN THE UNITED STATES DISTRICT COURT**

2009 JAN 14 **FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION**

U. Civil Action No. 5:08-CV-00455-CAR
MIDDLE DIST. OF GEORGIA

Malachi York©™ misnomer DWIGHT YORK "et al"

FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA

2009 JAN 14  AM 8:34

_C. Austen_
DEPUTY CLERK

     Plaintiff, named as Petitioner

v.

USA,
FEDERAL BUREAU OF PRISONS,
AND AGENTS/HEIRS
     Defendants, named as Respondents.

---

## AMENDED COMPLAINT

---

     **Comes Now** the Secured Party in Propia Persona (Pro Per) Malachi York©™,

Consul General Diplomat D/P #003828-04 of the Republic of Liberia, West Africa

Citizenship, misnomer DWIGHT YORK "et al" (Inmate # 17911-054), Pro Per (Propia

Persona) litigant not Pro Se, hereby files this civil action for permanent injunctive relief

in the form of immediate discharge, settlement and closure pursuant to 27 CFR 72.11

regarding case# 5:02-cr-27-CAR "et al" by Defendants USA, FEDERAL BUREAU OF

PRISONS, AND AGENTS/HEIRS..

     Two copies of this complaint have been submitted and the Complaint has been

Amended pursuant to the Order Directing Secured Party Malachi York©™ to File an

Amended Complaint stamped by the Clerk of Court on January. 8[h], 2009 (*See* **Exhibit R**

Letter from the United States District Court For the Middle District of Georgia).

The Secured Malachi York©™ has included Exhibits A-Z filed with this Amended Complaint as evidence and documents supporting Malachi York©™'s claim against the defendants and the Secured Malachi York©™ also incorporates by reference the Writ in the Nature of Discovery filed December 29th, 2008 . In support thereof, further shows unto the Court as follows:

## I.   PRELIMINARY STATEMENT

1.      Consul General Malachi York©™ is a 63 year-old elderly living entity not the artificial entity DWIGHT YORK "et al" misnomer Dwight York (Malachi York©™'s son) under alias name from indictment in which the State of Georgia levied, which has been charged and convicted as a federal prisoner in custody of the United States and is being unlawfully detained in the United States Federal Bureau of Prisons.  Currently the living entity Malachi York©™ is being incarcerated as the Ens Legis DWIGHT YORK at the United States Penitentiary, Administrative Maximum Facility (ADX), located in Florence, Colorado. (*See* **Exhibit S-1 Name copyright notice and Exhibits S-2 Name change pgs 1-2**).  The Bureau of Prisons continuously refuses to correct his misnomer name DWIGHT YORK on record within the Bureau of Prisons classification, inmate locator, indictment, PSI report, and Bureau of Prison inmate Trust Fund/commissary, hence rendering him a fictitious artificial entity, corporate surety, and Ens Legis. Henceforth, kidnapping a Diplomat of West Africa and illegally detaining the living entity under an artificial entities name of Dwight York.

2.      On or about March 2, 2006, the natural person Malachi York©™ who has been ymistaken with the artificial entity DWIGHT YORK "et al" was transferred illegally

from Leavenworth Prison, to Marion Prison, and to USP Florence ADX where he is currently serving his sentence (inmate registration #17911-054).

## II. JURISDICTION

**3.**    Malachi York©™ states that this action arises under the laws of the United States Constitution and the State of Georgia, including Article III, Section II of the United States Constitution and Fed.R.Civ.P. 60(b).  Jurisdiction is conferred on this Court pursuant to 28.U.S.C. § 453, 1346, and 1350 and 42 U.S.C. § 1946 because the matter is a civil action that falls under Constitutional Law, Treaty Law, and 8 USC § 1481.

## III. PARTIES

**4.**    At all pertinent times mentioned herein, Secured Party Malachi York©™ is a Sovereign natural person (*See* **Exhibit T Affidavit of Truth** affirming his Sovereignty) and naturalized citizen and Diplomat of the Republic of Liberia, West Africa (*See* **Exhibits K1-K6, K1** Certificate of Citizenship issued by the Republic of Liberia, **K3** Declaration of Intention from the Liberian Court of Montserrado County, Monrovia, **K2** the International Prisoner Transfer Request by the Secured Party Malachi York©™'s attorney to the Jones County Jail in Georgia, **K4** Diplomatic letter from former president Dr. Charles Ghankay Taylor appointing Secured Party Malachi York©™ as a Diplomat, United States Department of Justice acknowledging Secured Party Malachi York©™'s Diplomatic status in the Joint Motion to Vacate and Reset Dispositive Motion Deadline, **K5** transcripts of Bond Hearing where Georgia Officials acknowledge him as a Liberian Citizen and **K6** Letter from the Ministry of Affairs Monrovia Liberia) inmate#: 17911-054 PO Box 8500 USP Florence ADX, Florence, CO 81226 and PO Box 181398 Denver,

CO 80218. The Secured Party Malachi York©™ renounced his allegiance to the United States of America on December 15th, 1999.

5.      The Defendant, U.S.A., is located at Room 5111, Main Justice Building 10th and Constitution, N.W., Suite 700 Washington, DC 20530.  The Defendant acted under the Color of State Law by Defendants appointed officials not upholding the laws of the constitution or there oaths of office thereby committing treason, collusion, and violating Article 6 of the United States Constitution, the Extradition Treaty between the United States and Liberia Nov. 1st 1937 and 8 U.S.C. § 1481 hence by not repatriating the Consul General Malachi York©™ to his country of allegiance, the defendant is also in violation of Treaty of Ghent, Jay Treaty, Treaty of Peace and Friendship of 1786 protecting preamble citizens (See **Exhibit Z Violated Treaties**), 42 USC § 1983, and 1985, Title 18 §§ 2381, 11 U.S.C. §§ 524, 12 CFR 226.10, Regulation Z, Regulation K, Regulation G, Truth and Lending, Fair Debt Collections and Practices Act, GAAP, and GAAS by not correcting the book entries and  ordering the discharge [*releasing*] of all associated debts against the Secured Party Malachi York©™.  The Defendant is also in violation of 18 USC § 872 (Title 18 U.S.C. Chapter 41 Section 872) Extortion and Extortion is defined in Jurisprudence as (Source Bouviers 1856 Edition):

EXTORTION, crimes. In a large sense it, signifies any oppression, under color of right: but in a more strict sense it means the unlawful taking by any officer, by color of his office, of any money or thing of value that is not due to him, or more than is due, or before it is due.  To constitute extortion, there must be the receipt of money or something of value; the taking of a promissory note.  Violation occurred when Defendants appointed

officials misappropriated payment tendered pursuant to 27 CFR 72.11 for settlement and

closure.  The Defendant is also in violation of 28 USC § 455 (28 USC Chapter 21 Section

455) when Defendants appointed official United States District Court Judge C Ashley

Royal presided over the case against Plaintiff Malachi York©™ having previous

proceedings and knowledge as a prosecutor in a prior case with Malachi York©™'s father

in law, and other cases with the World Wide Nuwaubians in which he has pending Judicial

complaints against him.

6.      Defendant Federal Bureau of Prisons, US Attorneys Office Gateway Plaza 300

Mulberry St, 4th Floor, Macon, Georgia 31201.  The defendant is in violation of 42 USC §

1983, and 1985 by neglecting the notice/knowledge of the discharge pursuant to 27 CFR

72.11 and neglecting the Extradition Treaty between the United States and Liberia Nov.

1st 1937 and 8 U.S.C. § 1481 affirming his status as a Diplomat of the Republic of Liberia

D/P #003828-04.


## IV.  NATURE OF THE CASE

7.      On May 8, 2002 the Secured Party Malachi York©™ a sovereign, and Diplomat

of the Republic of Liberia West Africa D/P #003828-04 was detained unlawfully under

false allegation (*See* **Exhibits V1-V13 affidavits of recanters for the prosecution, and**

**and the Covington News May 18th, 2004 article by Pat Hogan entitled Second**

**Nuwaubian Recants**).  The fictitious indictment lead the Sheriff Department of Putnam

County Georgia U.S.A., Sheriff Department of Milledgeville Georgia U.S.A, and the

State of Georgia U.S.A. to the false incarceration of the Secured Party Malachi York©™.

8.      On or about January 23, 2004, the Secured Party Malachi York©™ was convicted of allege charges of the federal racketeering statues, transporting minors in interstate commerce for the purposes of unlawful sexual activity and conspiracy to structure cash transactions to evade currency reporting requirements.  Secured party Malachi York©™ was sentenced on April 22, 2004, to a term of incarceration of 1,620 months (or 135 years).

9.      On Janurary 23, 2003 the Secured Party Malachi York©™ Diplomat of the Republic of Liberia West Africa was denied bond on the basis of false accusations in regards to being a flight risk stating the Secured Party Malachi York©™ would flee to his home in Liberia (*See* **Exhibit K5 transcripts of Bond Hearing where Georgia Officials acknowledge him as a Liberian Citizen**).  In this judgement the Defendant, the United States District Court for the Middle District of Georgia, had no jurisdiction over Secured Party Malachi York©™ Diplomat of West Africa pursuant to Articles 22, 29, and 31 of the Vienna Convention on Diplomatic Relations yet acted still.

10.     Within the 6 ½ years that Secured Party Malachi York©™ Diplomat of the Republic of Liberia has been incarcerated he has been a victim of pain and suffering, family hardship, a loss of 6 ½ years of his life, Public Slander, Deformation of Character, Torture and other cruel and inhumane and degrading treatment, Corporal Punishment, rapid Deteriorating Health due to improper medical attention, Apartheid, and Mass Genocide from the State of Georgia, U.S.A., the Federal Bureau of Prisons and its Agents/Heirs "et al",

11.    Several key witnesses for the prosecution recanted their statement in the case 5:02-CR-27-CAR proving the conspiracy against the Secured Party Malachi York©™. (*See* **Exhibits V1-V12 affidavits of recanted statements by alleged victims**).

12.    The charges that have been Accepted For Value and Set Off pursuant to 27 CFR 72.11 are also false according to the following witnesses that have prepared affidavits for the record.  Some of which were witnesses for the prosecution:

13.    **Hanaan Merrit:** Hanaan Merrit was said to be a victim by Federal Agents, and affirms that she was badgered, threatened and coerced to make statements the were false against the Secured Party Malachi York©™, (*a Liberian diplomat*) that were false.  (See **Exhibit V1 affidavit of Hanaan Merritt**);

14.    **Sakinah Wood-**  Sakinah Wood was  harassed, interrogated, and threatened by Federal Agents Jalaine Ward, Sally Heintzysh, and Tracey Bradford on May 8th 2002 by gun point to make false statements against  the Secured Party Malachi York©™ (See **Exhibit V2 affidavit of Sakinah Wood**)

15.    **Deborah Smith-**  Deborah Smith refers to the Secured Party Malachi York©™ as a citizen of West Africa, and wrote a letter to him in reference to going to Liberia in which was confiscated by the Defendants, U.S.A. appointed officials and used against the Secured Party Malachi York©™ to show he was a flight risk, violating 18 USC § 1709 theft of mail. (see **Exhibit V3 affidavit of Deborah Smith**);

16.    **Issa Michael Johnson-** Issa Michael Johnson was threatened and coerced to make statements by Defendants U.S.A. appointed official Prosecuting Attorney Richard Moultrie, who conspired to compose false testimony for Issa Michael Johsnon against The Secured Party Malachi York©™.   When Issa Michael Johnson refused to comply on

the stand with Prosecuting Attorney Richard Moultrie's false testimony he was detained

and tortured by Defendants U.S.A and their appointed officials. (See **Exhibit V4**

**Affidavit of Issa Michael Johnson**)

17.    **Ebony Hill**- Ebony Hill admits she perjured herself on the stand about having

sexual relations with the Secured Party Malachi York©™  while she was under age

because she was bitter and she was also threatened about her past criminal activities

involving bank fraud by Defendants U.S.A. and their appointed officials. (See **Exhibit**

**V5 affidavit of Ebony Hill**)

18.    **Samaiyah Jamiylah Ellis**- Samaiyah Jamiylah Ellis an under aged minor at the

time who was unlawfully detained and kidnapped off Public School property by

Defendants U.S.A. appointed FBI agents who then threatened and coerced her in a day of

interrogation to make false statements against the Secured Party Malachi York©™ to

indict him.  Samaiyah Jamiylah Ellis' mother soon after, filed a case against the

government, and sued.  (See **Exhibit V6 Affidavit of Samaiyah Jamiylah Ellis See**

**Exhibit V-14 Covington News Article stating "Witnesses say York never Molested**

**them, trial transcripts sealed May 18th 2004**)

19.    **Abdus Salaam Laroche**- Abdus Salaam Laroche affirms in his Affidavit of

Recantment that his testimony in the trial against Secured Party Malachi York©™ was

false and he was threatened and coerced by the Defendants U.S.A appointed FBI agent

Jalaine Ward to make the false statements on the stand against the Secured Party Malachi

York (see **Exhibit V7 Affidavit of Abdus Salaam Laroche**);

20.    **Taariq Noel**- Taariq Noel attempted to inform the Defendants U.S.A. appointed

officials before trial verbally and with 2 formal letters that the accusations he made were

false. He affirms in his Affidavit of Recantment that we was threatened and coerced by the Defendants U.S.A. appointed officials Joan Cronier and Richard Moultrie that if he did not make these false allegations on the stand they would incarcerate his mother for fraud. (See **Exhibit V8 Affidavit of Taariq Noel**);

21.    **Abigail Washington-** Abigail Washington was **the** prosecutions key witness who was used to set up rico charges and affirms on her Affidavit of Recantment she was threatened that she would lose her children and be imprisoned if she did not make the false and coerced statements on the stand. Abigail Washington recantment was recorded on video where she goes into depth on the conspiracy and the Defendants, U.S.A. appointed officials threats and coercion (see **Exhibit V9 affidavit of Abigail Washington and see Exhibit V-10 dvd titled Abigail Wasington and Nathanial Washington** );

22.    **Nathanial Washington-** Nathaniel Washington stated on DVD that his daughter Abigail Washinton's testimony against Secured Party Malachi York©™ was (see **exhibit v9 affidavit of Nathaniel Washington and Exhibit V-10 DVD titled Abigail Washington and Nathaniel Washington** ) a;

23.    **Radeya Muhammad-** Radeya affirms in her Affidavit that her father conspired with State of Georgia Sheriff Richard Howard Sill and Defendants U.S.A. appointed Federal Agents to force her to make false statements against the Secured Party Malachi York©™ She was threatened that if she didn't make false statements against the Secured Party Malachi York©™ that she imprisoned (See **Exhibit V10 Affidavit of Radeya Muhammad**);

24.    **Ebony Henry (now married and known as Ebony Richards):** Ebony Henry was named as a victim in the indictment against the Secured Party Malachi York©™ and affirms in her Affidavit that the statements made against the Secured Party Malachi York©™ were false and she never witnessed any crimes committed by the Secured Party Malachi York©™.

## VI.  CAUSE OF ACTION

25.    Claim 1: The Secured Party Malachi York©™'s first claim is that The Defendant U.S.A. and Federal Bureau of Prisons/Agents Heirs never had jurisdiction over the Secured Party Malachi York©™ pursuant to 8 U.S.C. § 1481 and Articles 22, 29, and 31 of the Vienna Convention on Diplomatic Relations after becoming a Diplomat of Liberia (*See* **Exhibits K1-K6, K1** Certificate of Citizenship issued by the Republic of Liberia, **K3** Declaration of Intention from the Liberian Court of Montserrado County, Monrovia, **K2** the International Prisoner Transfer Request by the Secured Party Malachi York©™'s attorney to the Jones County Jail in Georgia, **K4** Diplomatic letter from former president Dr. Charles Ghankay Taylor appointing Secured Party Malachi York©™ as a Diplomat, the United States Department of Justice acknowledging Secured Party Malachi York©™'s Diplomatic status in the Joint Motion to Vacate and Reset Dispositive Motion Deadline, and **K5** transcripts of Bond Hearing where Georgia Officials acknowledge him as a Liberian Citizen). These facts were acknowledged by the Defendants Appointed official on March 7th 2008 (*See* **K6** United States Department of Justice acknowledging Secured Party Malachi York©™'s Diplomatic status in the Joint Motion to Vacate and Reset Dispositive Motion Deadline) who neglected to act and violated her oath office

pursuant to 42 USC § 1983, and 1985.  The Defendants, U.S.A., are also in violation of

Article 6 of the United States Constitution, the Extradition Treaty between the United

States and Liberia Nov. 1st 1937 by not repatriating the Consul General Malachi

York©™.  The Secured Party Malachi York©™ is a natural born sovereign and is not a

person as defined in the Blacks Laws 6th Edition and as "Dwight York" of the Bureau of

Prison when such definition includes artificial entities.  The Secured Party refuses to be

treated as a federally or state created entity which is only capable of exercising certain

rights, privileges, or immunities as specifically granted by Federal or State Governments

(See Affidavit of Truth **Exhibit T1)**

which violates the Treaty of Ghent, Jay Treaty, Treaty of Peace and Friendship of 1786

protecting preamble citizens.

**26.**     Furthermore on April 28th, 2008 An Affidavit of Intervention Notice of Objection

by Declaration was put on the record that the Secured Party Malachi York©™ declined

to be deposed by the Bureau of Prisons.   The Declaration states in part:

"FOR THE RECORD, ON THE RECORD, A VIOLATION AGAINST THIS DECLARATION AND

PREVIOUS NOTARIAL TRIBUNAL JUDGEMENT, DEPOSES ALL IMMUNITY ACQUIRED BY

EACH VIOLATOR AND OR PUBLIC OFFICIAL(S) OF THE US DISTRICT COURT OF

COLORADO"

(*See* **Exhibit W1** Declaration of Intervention, *See* **Exhibit W2** transcripts of the

Deposition taken by the BOP on August 29th, and see **Exhibit W3 Notarial Tribunal).**

This also puts the Defendants U.S.A,  United States District Court For The District of

Colorado, and the Federal Bureau of Prisons in further Default pursuant to 42 U.S.C.

§1985 (2).  Remedy that is being sought is an immediate discharge within 72 hrs of this

filing.   Also During the opposed Deposition Secured Party Malachi York©™ again Accepted it for Value, and stated that "I had no idea I was having a deposition" and also needed the presence of his Liberian Attorney Cllr. Francis Y.S. Garlowalu (*See* **Exhibit W2** transcripts of the Deposition taken by the BOP on August 29[t]) in violation of 18 U.S.C. § 1691 (Title 18 U.S.C. Chapter 79 Section 1621) perjuring their oath.

In accordance with 8 USC § 1481(1)(2)(4)(5)(6). Loss of nationality by native-born or naturalized citizen; voluntary action; burden of proof; presumptions. Voluntarily performing any of the following acts with intention of relinquishing United States nationality-

(1) obtaining naturalization in foreign state upon his own application or upon an application filed by a duly authorized agent, after having attained the age of eighteen years; or

(2) taking an oath or making an affirmation or formal declaration of allegiance to foreign state or a political subdivision thereof, after having attained the age of eighteen years; or

(4) (A) accepting, serving in, or performing the duties of any office, post, or employment under the government of a foreign state or a political subdivision thereof, after attaining the age of eighteen years if he has or acquires the nationality of such foreign state; or

(B) accepting, serving in, or performing the duties of any of  any office, post, or employment under the government of a foreign state or a political subdivision therefore, after attaining the age of eighteen years for which office, post, or employment an oath, affirmation, or declaration of allegiance is required; or

12

(5) making a formal renunciation of nationality before a diplomatic or consular

officer of the United States in foreign state, in such form as may be prescribed

by Secretary of State; or

(6) making in the United States a formal written renunciation of nationality in such

form as may be prescribed by, and before such officer as may be designated by,

the Attorney General, whenever the United States a formal written renunciation of

nationality in such form as may be prescribed by, and before such officer as may

be designated by, Attorney General, *See Liberian Citizenship* documents in

docket # 2.

27.     United States District Judge of the Middle District of Georgia C Ashley Royals

(Georgia State Bar #617350) who unlawfully presided over the alleged Criminal Case#:

5:02-cr-27-CAR against the Secured Party Malachi York©™, has several complaints of

Judicial Misconduct. Judge C Ashley Royals tainted jurors, including juror 62, has

participated in pre publicity of the trial, and has been asked several times to recuse

himself.  Judge C Ashley Royals continuously demonstrates racial discrimination, racial

profiling, and deliberate indifference.  Preponderance of evidence shows that during trial

Judge C Ashley Royals despite a request of commemorating Martin Luther Kings

Birthday as a federal holiday in pursuant to U.S.C. § 6103 Holidays.  However Judge C

Ashley Royals continued the trial on Martin Luther Kings Birthday showing a deliberate

indifference. Judge C Ashley Royal also presided over several family members and

affiliates of the Secured Party Malachi York©™ one of several cases being a case where

the Secured Party Malachi York©™'s father in law Roosevelt Richarson died after a

sponge was left in him during surgery.   The Secured Party Malachi York©™'s wife had

a malpractice suit against the Oconee Medical Center in Georgia where Judge C Ashley Royal was the defense attorney for the Medical Center in which he lost the case.  This was a blatant conflict of interest and Judge C Ashley Royal did not recuse him self in the trial against the Secured Party Malachi York©™ violating his oath office pursuant 28 USC § 455 (See civil case # 98-CV-34669C also *see criminal case #502-CR-CAR-ALL, 2255 Habeas Corpus criminal case #3:03-CR-9 (CAR), Deborah Yahudah Vs. University of Georgia civil case #3:06-CV-41 (CAR), Member and affiliate civil case #5:03-cv-00422-2(CAR), Janet Goins and 1000 John And Jane Does 2007 v. State of Georgia, Putnam County, Georgia Sheriff Department And (Sheriff Howard Sills) and Bureau of Prison, and 5:08-CV-00455. Judge C. Ashley Royals also preside over Sheriff Howard Sills #5:02-CV-15-0-1 (CAR) NEIL ISAAC OUTLER vs. SHERIFF HOWARD SILLS.* In which the  Secured Party Malachi York©™ had a torture suit against Howard Sills*)*. In

**28 USC 455(b) (1)**

**states as follows "He [Any justice, judge, or magistrate judge of the United States] shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of dispute of evidentiary facts concerning the proceeding:"** In accordance with such: These rules govern a motion filed in a United States district court under 28 U.S.C. § 2255 by:

(a) a person in custody under a judgment of that court who seeks a determination that:

    (1) the judgment violates the Constitution or laws of the United States;

    *(2) the court lacked jurisdiction to enter the judgment;*

    *(3) the sentence exceeded the maximum allowed by law; or*

    (4) the judgment or sentence is otherwise subject to collateral review; and

(b) a person in custody under a judgment of a state court or another federal court, and subject to future custody under a judgment of the district court, who seeks a determination that:

>    (1) future custody under a judgment of the district court would violate the Constitution or laws of the United States;
>
>    *(2) the district court lacked jurisdiction to enter the judgment;*
>
>    *(3) the district court's sentence exceeded the maximum allowed by law; or*
>
>    (4) the district court's judgment or sentence is otherwise subject to collateral review.

Source
(As amended Apr. 26, 2004, eff. Dec. 1, 2004.)

A District Court Judge "issuing the writ" as the operative remedy, provides that, if the

judge finds the movant's assertions to be meritorious, he "shall discharge the prisoner.

A prisoner in custody under sentence of a court established by Act of Congress claiming

The right to be discharged upon the ground that the sentence was imposed in violation of

The Constitution or laws of the United States, or that the court was without

**JURISDICTION** to impose such sentence, *See Liberian Code,*. The Judge is

authorized to submit an Order of Immediate discharge.

## Supporting Facts

**7.** In accordance with the House of Representatives "in 1819 Congress gave the American Colonization Society (ACS) $100,000 back in 1819 (quite a sum at the time, when a governor might receive $750 a year) to assist with repatriation and enabling the first ship, Elizabeth, to set sail a year later with some Black emigrants who desired to return to their Fatherland.  Here are a few references that was made to the American Colonization Society in the past.  This is a far cry from all and does not do it justice but is still, nevertheless, interesting:

\* \* \* \* \*

H.R. Journal--Tuesday, January 14, 1817.

Mr. Randolph, presented a petition of the President and board of Managers of the American society, for colonizing the free people of colour of the United States, praying that Congress will aid with the power, the patronage, and the resources of the country, the great and beneficial object of their institution, which was ordered to lie on the table.

*  *  *  *  *

WEDNESDAY, February 6, 1822.
Mr. Golden presented a memorial of the President and Board of Managers of the American Colonization Society, praying that further and more effectual measures may be adopted for the suppression and entire abolition of the African slave trade; which memorial was referred to the Committee on the Suppression of the said Trade.

*  *  *  *  *

Monday, February 26, 1827.

The Speaker presented memorials from citizens of Randolph county, in the State of North Carolina, and the citizens of the city of Cincinnati, in the State of Ohio, praying the Government of the United States to extend its aid in effecting a colonization of the people of color on the coast of Africa; which memorials were referred to the Committee appointed on the memorial of the American Colonization Society."

*  *  *  *  *

Thursday, December 24, 1829.
". . . Mr. Ramsey presented a resolution of the Legislature of the State of Pennsylvania, in the following words:
"Resolution relative to the American Colonization Society.
"Whereas resolutions, approving of the objects of the American Colonization Society, have been adopted by the Legislatures of several States of this Union: And whereas Pennsylvania is honorably distinguished in having led the way in benevolent efforts to improve the condition of the African race in this country, and in having seized the first moments of her independence from foreign dominion, to abolish slavery, as inconsistent with her benevolent institutions, and, in the eloquent language of the Legislature of that day, 'in grateful commemoration of our happy deliverance from that state of unconditional submission to which we were doomed by the tyrany of Britain:' It seems, therefore, proper, that an association of enlightened and philanthropic men, who have united to form, for free persons of color, an Asylum in the land of their fathers, should receive the countenance and support of the General Assembly of Pennsylvania; and, from the success which has already attended the Colony at Liberia, there is reason to hope that it may be extended and enlarged, so as to offer a home and a country to all of these people who may choose to emigrate there; and their removal from among us would not only be beneficial to them, but highly auspicious to the best interests of our country. It also holds out to the Christian and philanthropist the hope, that, by the means of this Colony, the lights of Christianity and civilization may be made to shine in a land shrouded in the darkness of barbarism, and thus atonement, in some measure, be made,

16

for the wrongs which slavery has inflicted on Africa. As the evil which this Society seeks to remove, pervades the whole country, it would seem to deserve the attention of those whose duty it is, and who are provided with the means 'to provide for the general welfare;' Therefore,

"Be it resolved by the Senate and House of Representatives of the Commonwealth of Pennsylvania, in General Assembly met, That, in the opinion of this General Assembly, the American Colonization Society eminently deserves the support of the National Government; and that our Senators be instructed, and the Representatives in Congress be requested, to aid the same by all proper and constitutional means.

"Resolved, by the authority aforesaid, That the Governor be requested to transmit a copy of this preamble and resolution to each of our Senators and Representatives in Congress.
NER MIDDLESWARTH,
Speaker of the House of Representatives.
DANIEL STURGEON,
Speaker of the Senate.
"Approved: The twenty-third day of April, one thousand eight hundred and twenty-nine.
J. ANDW. SHULZE."

And then the House adjourned, until Monday next, the 28th instant.


\* \* \* \* \*

Thursday, April 19, 1832.

Mr. Hawes, by leave, presented a memorial of inhabitants of the State of Kentucky, praying Congress to aid the American Colonization Society in colonizing the free people of color of the United States on the coast of Africa; which memorial was referred to the committee appointed on the 30th of January last on the subject of colonization of the free people of color of the United States.

\* \* \* \* \*

MONDAY, April 23, 1832.

Mr. Hawes, Mr. Marshall, and Mr. Lyon, severally presented memorials from inhabitants of the State of Kentucky, praying Congress to aid the American Colonization Society in colonizing the free people of color of the United States on the coast of Africa; which memorials were referred to the committee appointed on the 30th January last on the subject of the colonization of the free people of color.

\* \* \* \* \*

H.R. Journal--MONDAY, February 25, 1833.

Mr. Vance presented a memorial of inhabitants of the county of Greene, in the State of Ohio, praying Congress to aid the American Colonization Society in colonizing the free people of color of the United States on the coast of Africa; which memorial was laid on the table.

\* \* \* \* \*

H.R. Journal--MONDAY, December 12, 1836.

Resolved, That the use of the hall of the House of Representatives be granted to the American Colonization Society, on Tuesday evening, the 13th instant.

\* \* \* \* \*

Monday, January 16, 1837.

Mr. Jones, of Ohio, presented a memorial and petition of the Board of Managers of the Colonization Society of Fredericksburg, in the county of Wayne, in the State of Ohio, praying Congress to abolish slavery and the slave trade Within the District of Columbia, and to extend the aid and patronage of the Government to the American Colonization Society, by grant of money or otherwise.

\* \* \* \* \*

28.    The Emaciation Proclamation signed by Former President ABRAHAM

LINCOLN states: In 1863 all persons held as slaves within any state or designated part of

State, the people wherefore shall then be in rebellion, shall be then, thenceforward, and

forever free; and the Executive Government of the United States, including the military

and navel authority thereof, will recognize and maintain the freedom of such persons.

And will do no act or acts to repress such persons, or any of them, in any efforts they may

make for actual freedom.

29.    In accordance with the Foreign Sovereign Immunities Act of 1976 Section 1602-

1611. Section 1602 Findings and declaration of purpose states:

That the determination by United States courts of claims of foreign states to

immunity from jurisdiction of such courts would serve interest of justice and

protect the rights of both foreign states and litigants in the United States court. Under

International law, States are not immune from the jurisdiction of foreign courts

insofar as their commercial activities. Claims of foreign states to immunity should

henceforth be decided by courts of the United States and States in conformity

with the principles set forth in the above chapter (1602-1611).

30.     In accordance with Liberian Constitution Citizenship Article 27(a) All persons

who on the coming into force of this constitution were lawfully citizens of Liberia. (b)

In order to preserve, foster and maintain the positive Liberian culture, values and

**character**, only persons who are negroes or of negro descent shall qualify by birth or by

Naturalization to be citizens of Liberia. (c) The Legislative shall, adhering to the above

Standard, prescribe such other qualification criteria for the procedures by which

Naturalization maybe obtained.

31.     Claim 2:  The Secured Party Malachi York©™'s second claim of damages

against the Defendants U.S.A., and the Federal Bureau of Prisons/Agents and Heirs is the

violation of 42 USC § 1983, and 1985, Title 18 §§ 2381, 11 U.S.C. §§ 524, 12 CFR

226.10, Regulation Z, Regulation K, Regulation G, Truth and Lending, Fair Debt

Collections and Practices Act, GAAP, and GAAS by not correcting the book entries and

ordering the discharge [*releasing*] of all associated debts against the Secured Party

Malachi York©™.  The Defendant is also in violation of 18 USC § 872 (Title 18 U.S.C.

Chapter 41 Section 872)

**Supporting Facts:**

32.     Please refer to (See **Exhibit A1 Affidavit by Amir James**), please find the

testimony of Amir James, Notary Public, certifying that $350,000,000 issued by the

Secured Party MalachiYork©'s Trust disappeared while in the custody and care of

Federal Agents who were co-fiduciaries (See **EXHIBIT B-2** copy of USPS return

receipt), *Honorable Judge Edward Nottingham of the United States District Court For*

*The District of Colorado* (See **EXHIBIT B-3** for a copy of USPS return receipt), Ron

Wiley Warden for the Federal Bureau of Prisons (See **EXHIBIT B-4 & B-5** for copy of

USPS return receipt), and *Attorney General John Suthers of the State of Colorado* (See

**Exhibit B-2 & B-6** for a copy of USPS return receipt). The record indicates that the

funds were never credited to the account of Case/Account #(s) 5:02-CR-27-CAR nor

forwarded to the Treasury as required under public policy and 28 U.S.C. 2041 in an

adjudicated judicial case, also in violation of 18 U.S.C. § 641,1001, 1341, 1342, 1708 and

the Treaty of Friendship, Commerce and Navigation Signed at Monrovia, August 8th,

1938 (See **Exhibit Z Violated Treaties**). The above-referenced court case was bonded

by the Secured Party Malachi York©™ and or authorized agents with Discharging &

Indemnity Bond No 09132008-0002 as well as Offset Bond No. E13922339 both held by

the Department of the Treasury (See **Exhibit C2-C5** copies of previous tendered

payment). Further, the Court was presented with Bonded Promissory Note No. RB

059445061 US in the amount of $350,000,000 Dollars for closure and settlement of

Account/Case No. 5:02-CR-27-CAR (Copies are Included in **EXHIBIT C-1, C6, and**

**C7**). This promissory note is an asset note backed by the Discharging and Indemnity

Bond and the Offset Bond payable on demand and also backed by Sureties of the World

Wide Nuwaubians (See **EXHIBIT G Bond Sureties**). Furthermore, pursuant to 28

U.S.C. 2041, the Court is required to turn over all funds collected to the Department of

the Treasury.  The Court retained the note, but failed to credit the payment to

Account/Case No. 5:02-CR-27-CAR, and update the book entries in violation GAAP and

GAAS, 11 U.S.C. §§ 524, 12 CFR 226.10, Regulation Z, Regulation K, Regulation G,

Truth and Lending, Fair Debt Collections and Practices Act and continued to unlawfully

detain the plaintiff to the term of incarceration therefore kidnapping the Secured Party

Malachi York©™ pursuant 18 U.S.C. § 1201.  The Court was noticed by notary public's

Certificate of Non-Performance on two separate occasions, but continued to detain the

Secured Party Malachi York©™ while in possession of the Secured Party Malachi

York©™'s tendered payment.  The Defendants, U.S.A. and the Federal Bureau of

Prisons exceeded its authority under the Color of State Law to continue to detain the

Secured Party Malachi York©™ after the case had been closed and settled by the

Secured Party Malachi York©™'s Trust and after the Defendants, U.S.A. and the Federal

Bureau of Prisons, had been put on notice several times by Notary Public that they were

in violation (See **Exhibit D1** Letter of Rogatory and **Exhibit E1** Notice of Recoupment

of Securities).  Since the alleged crimes the Secured Party Malachi York©™'s was

indicted under are defined as commercial crimes pursuant to 27 CFR 72.11 (**See**

**Indictment Accepted for Value in the Writ in the Nature of Discovery file Dec 29th**),

Secured Party Malachi York©™' has then discharged his financial obligations in this

regards and has paid his debt to society for the alleged crimes and the Federal Bureau of

Prisons has no lawful grounds or jurisdiction to detain the Secured Party Malachi

York©™.

**33.**     Claim 3: A new bond has been tendered for the lack of performance of the

previous tendered bonds for the purposes of the immediate discharge under Private Bond

# B97927756 also through 30 pieces of silver tendered that is termed as constitutional monies pursuant to Article 1 § 10 of the Constitution (See **Silver Coin and Silver bonds in Writ in the Nature of Discovery filed December 29th, 2008 and copies have been provided as Exhibit Y**) to discharge [*release*] all commercial debt associated with the Secured Party Malachi York©™' and to discharge [*release*] the Secured Party Malachi York©™ from out of the Federal Bureau of Prisons/warehouse/escrow within 72 hrs of issuance (See **Exhibit G copies of Sureties**).

**<u>Supporting Facts:</u>**

**34.**     On December 29th 2008 Certified funds, a State Bond, a Bonded Promissory Note, and 30 pieces of silver were issued pursuant to 27 CFR 72.11 (See Writ in the Nature of Discovery filed Dec. 29th 2008 and See exhibit G Bond Sureties).  The Defendants were given 72 hrs for remedy and still failed to uphold the law and their oaths of offices which is treason pursuant to 18 USC § 1621.

## VII. REQUEST FOR RELIEF

**35.**     In this matter in accordance with 8 U.S.C. § 1481 and the Treaty of Extradition Between the United States and Liberia Nov. 1st 1937, and Article 22,29, and 31 of the Vienna Convention on Diplomatic Relaions D/P#:003828-04 the Federal Bureau of Prisons is illegally detaining a Diplomat and 27 CFR 72.11.  As a Diplomat The Secured Party Malachi York©™ is Protected under immunity in which the Bureau of Prison is in dishonor of foreign polices.  The Secured Party Malachi York©™ seeks Immediate Discharge from all alleged charges and exoneration from the Defendants, U.S.A and the

Federal Bureau of Prisons/Agents and Heirs, to prevent further damages (See Bill of Peace in association with this file).

## DECLARATION UNDER PENALTY OF PERJURY

The Secured Party Malachi York©™ in Propia Persona (Pro Per) declares under penalty of perjury that the Secured Party Malachi York©™ in this action, has read this complaint, and that the information in this complaint is true and correct.  See 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on _____1·10-2009_____
                         (Date)


                    _____
                    Secured Party Malachi York ©™
                    P.O. Box 181398
                    Denver, Colorado 80218