# Exhibit K1-K6

**Garland, Samuel & Loeb, P.C.**
TRIAL ATTORNEYS

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Telephone (404) 262-2225
Facsimile (404) 365-5041
E-mail cmallaw@garcbr.com

Edward T. M. Garland
Donald F. Samuel
Robin N. Loeb
David E. Tuszynski
Manubir S. Arora
W. Charles Lea
Anne H. Coolidge-Kaplan
Nelson O. Tyrone III

Reuben A. Garland (1903-1952)

**EXHIBIT F**

March 28, 2003

Lt. Guy Mustello
Jones County Jail
P. O. Box 874
Gray, GA 31032

Re:    Malachi (Dwight) Z. York

Dear Mr. Mustello:

I am notifying your office that we are requesting Malachi (Dwight) Z. York be considered for International Prisoner Transfer under the provisions of 81 U.S.C. §4100 et seq.

Attached is a copy of a letter from our client authorizing such process begin immediately.

Please let me know if you have any questions or concerns. Thank you for your assistance.

Yours very truly,

Manubir S. Arora

MSA:yvj
Enclosure

**Exhibit K-2**



REPUBLIC OF LIBERIA

# MINISTRY OF FOREIGN AFFAIRS

MONROVIA, LIBERIA

NTGL/MFA/2-2/0891/'04

June 14, 2004

The Ministry of Foreign Affairs of the Republic of Liberia presents its compliments to the State Department of the United States of America and has the honor to inform the latter that Dr. Malachi Z. York, a Liberian residing at 155 Mansfield Court Athens, Georgia 30606, has informed this Ministry through his representatives, the Garlawolu Law Offices, that he is languishing in the Jones County Prison at 123 Holms Hawking Drive, Gray, Georgia 31032, on sexual abuse charges. Accordingly, Dr. York's anxiety is to benefit, at once, from a voluntary repatriation scheme, to enable him to return home.

In this connection, this Ministry should be infinitely grateful if the State Department would intercede with the concerned authorities for Dr. York's voluntary repatriation.

The Ministry of Foreign Affairs of the Republic of Liberia avails itself of this opportunity to renew to the State Department of the United States the assurances of its highest consideration.



The State Department of the United States of America
C/O Embassy of the United States of America
Mamba Point
Monrovia, Liberia

REPUBLIC OF LIBERIA

CRIMINAL COURT "B"                                    OFFICE OF THE
CLERK

DECLARATION OF INTENTION

I, DR. MALACHI Z. YORK, ON OATH OR AFFIRMATION DECLARE THAT IT IS
MY INTENTION TO SETTLE PERMANENTLY IN THE REPUBLIC OF LIBERIA
AND TO BECOME A CITIZEN THEREOF, AND I DO HEREBY DECLARE MY
ALLEGIANCE AND FIDELITY TO THE REPUBLIC OF LIBERIA, AND
RENOUNCE SAME TO ALL FOREIGN OR POWER AND PARTICULARLY TO
THE UNITED STATES OF AMERICA, BEING THE FOREIGN POWER OF WHICH
I AM NOW A CITIZEN OR SUBJECT.

SO HELP ME GOD                    GIVEN UNDER MY HAND
                                  AND SEAL OF THIS COURT,
                                  THIS 12TH DAY OF JULY 1997.

SEAL OF COURT

                                  CLERK, CRIMINAL COURT "B" MO. CO.

Descriptions:

AGE: _____ 51 _____

ALLEGIANCE: REPUBLIC OF LIBERIA _____

OCCUPATION: RELIGIOUS MINISTER _____

DATE OF BIRTH: 06 – 26 – 45 _____

PLACE OF BIRTH: BOSTON, MA _____

PASSPORT NUMBER: 083157444 _____

PERMIT NUMBER: 108208 _____

DATE OF ARRIVAL: MAY 5, 1996 _____

PLACE OF RESIDENCE: CITY OF GBARNGA _____

_____
Malachi Z. York

$10.00 Revenue Stamp affixed on the original.

**Exhibit K-3**

# ATTACHMENT A



## REPUBLIC OF LIBERIA

*Office of the President*

December 15, 1999

Dr. Malachi Z. York
Athens, Georgia
United States of America

I am pleased to appoint you hereby as Consul General of the Republic of Liberia to Athens, Georgia, United States of America.

This appointment is evident of our conviction and expectation that you will continue to be of greater service to Liberia and its people, especially those in the State of Georgia.

Congratulations.

Cordially yours

Dahkpannah Dr. Charles Ghanksay Taylor

Exhibit K-4

JUDICIAL BRANCH OF LIBERIA
MONTSERRADO COUNTY

OFFICE OF THE CLERK OF COURT, FIRST
JUDICIAL CIRCUIT, CRIMINAL ASSIZES "B"
MONTSERRADO COUNTY, MONROVIA



# Certificate of Citizenship

Permit Number: 108208

Be it known that on this __15th__ day of __December__ A.D. 19 99

_Malachi Z. York_ who promises to his third naturalization

____ United States of America at present residing at __Monrovia__ in the

Republic of Liberia having filed __his__ Declaration of Intention as provided by law and having satisfied

____ by __his__ ____ that _Malachi Z. York_ ____

____ the amendates of the Constitution of the Republic of Liberia and being in ____

____ __his__ ____ residence in the Republic, and having taken oath to support and

____ of these Republic of Liberia against all enemies foreign and domestic and

to renounce and adjure all allegiance and fidelity to all foreign powers and particularly to the said

__United States of America__ being the foreign power to which __he__ formerly owed

allegiance.

Therefore it is ordered that the said _Malachi Z. York_ be and __he__

is hereby admitted as a citizen of the Republic of Liberia __by Naturalization__

In ____ wherefore this certificate is signed by the Clerk of Court, First Judicial Circuit, Criminal Assizes

"B" ____ of Montserrado this __15th__ day of December A.D. __1999__

CONTENTS SUBSCRIBED TO BEFORE ME
this ___ day of ____ A.D 200_

MARY MAMIE HOWE
NOTARY PUBLIC, MONTSERRADO CO
REPUBLIC OF LIBERIA

Clerk of Court aforesaid

I N D E X - January 17, 2003

M o t i o n s                                    P a g e s

Motion For Bond - Garland - Opening Statement       411 - 413

Vivian Woodall              Direct by Garland       414 - 419
                            Cross by Baskin         419 - 422

Leon Adams                  Direct by Garland       423 - 425
                            Cross by Baskin         426 - 431

William G. Walker           Direct by Garland       432 - 434
                            Cross by Baskin         435 - 439

Louise Solomon              Direct by Garland       440 - 443
                            Cross by Baskin         444 - 450

Sheriff H. Sills            Direct by Baskin        453 - 465
   State's Exhibit 9 - I.D.                                457
        "        "    10,11 - I.D.                         460
   (As to State's 10,11 - voir dire by Garland      461 - 462
   State's Exhibits 10,11 (excluded)                      463
                            By the Court            465 - 466
                            Cross by Garland        466 - 467
   State's Exhibit 9 - Admit                        467 - 468

Argument - Baskin                                   469 - 473
         - Garland                                  474 - 475
         - Ruling of the Court                      475 - 476


Statement by Defendant York                               476


Re: DEFACS records                                  476 - 477


Motion To Dismiss Indictment - Ruling of Court            477


Motion To Allow Investigator To Remain In
Courtroom - Ruling of Court .                             479

-1-

/

HOWARD R. SILLS -- DIRECT BY BASKIN

MR. GARLAND:        Objection.  The document --

A    -- just last week.

MR. GARLAND:        Objection.  The document would be the highest and best evidence of what was in it.  If we have such a document, we ask that it be produced.

THE COURT:        I sustain that.

MS. BASKIN:        I have -- I have the document, Your Honor.  I'll be more than happy ...

MR. GARLAND:        (Perusing document.)

BY MS. BASKIN:

Q    I'm going to show you what's been marked as State's Exhibit Number 10 and State's Exhibit Number 11.  Can you identify either of those documents?

A    Yes.  These are letters received last week to -- addressed to Mr. York from a woman, I believe, who is an inmate in the Clayton County Jail, which is where Mr. York was housed until -- until recently, before being transferred to the Putnam County Jail.

Q    Did -- are you familiar with -- do those appear to be copies of those documents, the original documents?

A    Yes, they are.  The original letters were sent back to Mr. York and -- and is --

Q    So the original documents were actually turned over to Mr. York pursuant to the mail process and you made

460.

copies of them, is that correct?

A    Yes, ma'am.

Q    And that is the only copy that you have in your possession?

A    This is actually the only copy I have in my possession at this time.

MS. BASKIN:        Your Honor, we would move State's 10 and 11 into evidence.

MR. GARLAND:        Fine, but I'd like to voir dire the witness on it, if I could.

THE COURT:        Yes, you may.

MR. GARLAND:        Do you know who this lady is that wrote that letter, Sheriff?

MR. SILLS:        I presume that she was an inmate as to the return address on the envelope.

MR. GARLAND:        So this is some -- you don't know anything else about it other than she's an inmate in the prison who writes a letter saying, "An officer ..." -- I assume if it's an (officer) told her about going to Liberia that you would infer that some jail officer tells her that she's going to go to Liberia. Is that what that letter says?

MR. SILLS:        I would -- my -- well, let me say this. My assumption from the letter as you're reading that, as you're aware, Mr. York stayed

461.

in the Clayton County Jail for a significant period of time, boarded there as a prisoner for me. Obviously, the Clayton County Jail does not house female inmates and male inmates together, so it is my assumption from the writing here that some officer there in the jail was instructed to tell this woman that they were going to Liberia.

MR. GARLAND:          I see.  So the --

MR. SILLS:          Because that's what it says.

MR. GARLAND:          A Deputy Sheriff, you think -- do you have any -- you don't have any reason to believe anything about this woman's reliability other than that she's an inmate in jail?

MR. SILLS:          No more than what she has written in two letters about Mr. York, saying that they were all going to Liberia, that --

MR. GARLAND:          All going to Liberia?

MR. SILLS:          Yes, sir.

MR. GARLAND:          All right.  I think that's all about that subject matter, Your Honor.  We object to it as being pure hearsay from an unknown source, actually, has no probative value at all.

MS. BASKIN:          Your Honor, actually, only one letter makes mention of an officer telling her, and the other letter actually makes a direct mention

462.

HOWARD R. SILLS - Direct by Baskin

as to Mr. York and this -- and several other individuals leaving the United States, ready to get out of the U.S. of A., and that would go to its weight, not its admissibility. We would ask that it go -- come in.

THE COURT: I agree that it's hearsay. The Defendant is not in a position to cross examine the witness. I exclude State's 10 and 11.

MS. BASKIN: I don't know if I've moved State's 9, which is somehow --

MR. GARLAND: As to State's 9, Your Honor, the -- I've handed the document to Mr. Arora, I think --

THE COURT: I had -- I don't know if I had it --

MR. GARLAND: -- and he's stepped out. And we do have an issue about it, and that is, there is attached a Complaint, and then attached to the Complaint is a reconstructed information to which the plea was entered, with an Affidavit saying that the original criminal -- superseded amended criminal complaint had been lost, but it had been reconstructed. And I would just ask that we get to the bottom of whether or not that was a misdemeanor charge as reflected in the recreated, superseded document, Your Honor. And I asked Mr. Arora to just

463.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01297-EWN-KLM

MALACHI Z. YORK, also known as DWIGHT YORK,

     Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

     Defendant.

---

## JOINT MOTION TO VACATE AND RESET DISPOSITIVE MOTION DEADLINE

---

Plaintiff Malachi Z. York, Consul General Diplomat D/P #003828-04 of the Republic of Liberia, West Africa Citizenship, misnomer Dwight D. York (Inmate #17911-054) [hereinafter "Plaintiff"], through his undersigned counsel, and Defendant the Federal Bureau of Prisons ("BOP"), through its undersigned counsel, hereby jointly move to vacate the dispositive motion deadline set for April 24, 2008 and reset it for September 2, 2008. In support of this motion, the parties state as follows:

1. Plaintiff filed a first Prisoner Complaint on June 20, 2007. (Doc. 1.) To correct deficiencies in his first Complaint, the Court ordered Plaintiff to file an Amended Prisoner Complaint by August 6, 2007. See Doc. 5.

2. In the following months, Plaintiff requested and received multiple extensions of time to file an amended complaint. See Doc. 7 (Aug. 6, 2007, motion for extension of time); Doc. 8 (order granting motion); Doc. 10 (Sept. 10, 2007, motion for extension of time); Doc. 12 (order granting motion); Doc. 17 (Nov. 5, 2007, motion for expedited discovery and extension of time); Doc. 19 (order granting motion).

**EXHIBIT K-6**

3.    On October 8, 2007, Plaintiff filed a motion for expedited discovery. (Doc. 14.) On November 5, 2007, Plaintiff filed a second motion for expedited discovery and an extension of time to file the amended complaint. (Doc. 17.)

4.    On November 8, 2007, the Court granted Plaintiff's motion for expedited discovery, ordering that Defendant produce "all medical and disciplinary documents in their possession that relate to Plaintiff from May 8, 2002, through the present date" by November 23, 2007. (Doc. 19.) The Court also granted Plaintiff's motion for an extension of time, allowing Plaintiff until December 24, 2007 to file an amended complaint. Id.

5.    On November 21, 2007, Defendant provided Plaintiff's counsel with the documents responsive to the Court's November 8, 2007 Order.

6.    Plaintiff filed an Amended Complaint on December 24, 2007. (Doc. 24.)

7.    Defendant filed a Motion to Dismiss the Amended Complaint on February 22, 2008 (Doc. 35).

8.    The parties attended a Scheduling Conference on February 27, 2008. In the Scheduling Order, the parties indicated that they would file a joint motion to vacate and reset the dispositive motion deadline. (Doc. 38 at 8 n.1, 11.) At the Scheduling Conference, Magistrate Judge Mix advised that she could not change the dispositive motion deadline, but that a motion to the Court would be required. Id. at 8.

9.    The parties agree that more discovery is needed in this case, including the possibility of multiple expert depositions, and will require additional time to conduct such discovery. For example, the parties cannot conduct written discovery, take fact depositions, prepare

-2-

expert reports, and take expert depositions within two months. At the Scheduling Conference, the Court set August 1, 2008 as the discovery cut-off. Id. This is one month before the parties' proposed Dispositive Motion Deadline.

10. Moreover, at the Scheduling Conference, the Court set April 12, 2008 as the deadline for amendment of the complaint and joinder of parties. Id. Plaintiff has indicated a desire to file a Second Amended Complaint and to add a claim for damages against newly-named Defendants in their individual capacities. See id. at 5-6. If Plaintiff files this Second Amended Complaint on April 12, 2008, it will be nearly impossible for the parties to file meaningful dispositive motions with the Court by April 24, 2008.

WHEREFORE, the parties respectfully request that the dispositive motion deadline be vacated and reset for September 2, 2008. A proposed order is attached.

Respectfully submitted this 4th day of March, 2008.


s/ Leta R. Holden
Leta R. Holden, Esq
Holden Law Office, PLLC
1330 Leyden Street, Suite 145
Denver, CO 80220
Telephone: (303) 321-1993
Fax: (303) 321-0793
E-mail: lholden@holdenlaw.org
Counsel for Plaintiff

TROY A. EID
United States Attorney

s/ Marcy E. Cook
Marcy E. Cook
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Telephone: (303) 454-0171
Fax: (303) 454-0408
E-mail: marcy.cook@usdoj.gov
Counsel for Defendant

COURT'S
KNOWLEDGE                    -3-

# Exhibit L1-L2

24 hours prior to the deposition a <u>declaration</u>-Affidavit Of Intervention was filed to stop the depostion until his Liberian Attorney Francis L Garlawolu was present.  He also stated this on the record during the deposition.

**AFFIDAVIT OF INTERVENTION**

29/08/2008 — <u>NOTICE OF SERVICE</u>

*ACCTS# 1:07-cv-0297-EWM-KLM, 1:08-cv-00617-ZLW, 5:07-cv-1000/ CAR-GMF, 02-00020, CR CAR-5-1, *5:02-CR-27-CAR ;

**NOTICE OF OBJECTION BY THIS DECLARATION**
:PRIVATE/PUBLIC NOTICE OR ARBITRATION BY ESTOPPEL JUDGEMENT:
PURSUANT TO: Title 42 USC § 1986, Title 46 USC § 781, 27 CFR 72.11,
UCC 1-207, UCC 1-308, UCC 3-605:

NOTICE TO PRINCIPAL IS NOTICE TO AGENT(S)
NOTICE TO AGENT(S) IS NOTICE TO PRINCIPAL
NOTICE ON PRINCIPAL IS NOTICE ON AGENT
NOTICE ON AGENT IS NOTICE ON PRINCIPAL

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 28 2008

GREGORY C. LANGHAM
CLERK

*NOTE: FOR THE RECORD, ON THE RECORD, A VIOLATION AGAINST THIS
DECLARATION AND THE PREVIOUS NOTARIAL TRIBUNAL JUDGEMENT, DEPOSES
ALL IMMUNITY ACQUIRED BY EACH VIOLATOR AND/OR PUBLIC OFFICIAL(S) OF
THE US DISTRICT COURT OF COLORADO:

"NUNC PRO TUNC"

Comes now is I, Malachi-Z. :York El:C™ Secured Party, Grantor, Guarantor, Living Principal, Living soul, Owner in fact of the TRADE-NAMES, MALACHI Z. YORK EL©™, DWIGHT YORK©™ "et al", and or any and all variations of names associated thereof;
(see UCCs and Copyright Notice Copyclaim, referencing Copyrights Infringement.)

For the Record, on the Record, I Malachi-Z. :York El:C™ due hereby Reserve my rights to Depose, for the lack of jurisdiction of the court appointed fiduciaries, and because of the denial land refusal of the counsel of my choice, which is a clear and distinct violation of the Constitution for the United States of America.

NOTARIAL KNOWLEDGE

Authorized Representative: _____ ©™

Notary _____  My Comm. Expires 2/12/2012

Notary _____  My Comm. Expires 02/12/2012

Notary _____ ©™     BARRY M. HAMILTON
                               Notary Public, Fulton County, Georgia
                               My Commission Expires 12/02/2012

The United States Government does not have jurisdiction over Consul General Malachi York El: ©™ and the following detailed documentation will further show the court proof of this. (*See Sureties List*)see *African map of the 1800's* http://cgi.ebay.com/Antique-1800s-COLOR-MAP-AFRICA-AND-PALESTINE_W0QQitemZ170281835519QQcmdZViewItemQQimsxZ20081125?IMSfp=TL081125145010r10485#ebayphotohosting
*The main intent of this Summary Statement is to provide the Court

**Exhibit L-1**



in which the notes that were tendered on his behalf are protected under Treaty (see Treaty of 1965) and Maritime Law. He again **accepted the charges for value** against him for value during an illegal deposition held against his will in the Florence ADX facility.

**Reference: Page 4 of the Deposition Transcript, # 4:6:**

BY MS. COOK:

Q  Good morning, Mr. York.

A  Good morning.

Q  My name is Marcy Cook, and I represent the Bureau of Prisons in this lawsuit. With me is Chris Synsvoll, who is also an attorney for the Bureau of Prisons.

Do you understand that you're here today to give formal testimony concerning the second amended complaint that you filed in York versus BOP?

A  Yes. But I would like to go on the record

that I accept this at value. I accept this situation for its value.

Q  Okay. Do you understand that you're under oath, and you've sworn to tell the truth?

A  I understand that.

Q  Have you ever given deposition testimony before?

A  I beg your pardon?

Q  Have you ever given deposition testimony

**In Consul General Malachi York El's opposition to the deposition, it was also clearly stated that;**
**Reference:Page 4 of the Deposition Transcript, #7:5-22:**

Q  Are you presently under the influence of any substance that would prevent you from telling the truth today?

A  No.

Q  Okay. Is there anything that would prevent you from providing truthful and accurate testimony today?

A    The presence of my Liberian lawyer, Mr. Francis Garlawolu, who represents me as a diplomat for the Republic of Liberia, and a Liberian citizenship acquired on November 26, 1999, and diplomatic status acquired on December 15th, 1999.

And I don't—I notice my name is not — my acquired name is Malachi Z. York, not Dwight D. York, not Dwight H. York. These are misnomers. And I acquired—prior to that, my name was Isaa Al Haadi Al Mahdi, I-S-S-A, space, A-L, H-A-A-D-I, A-L, M-A-H-D-I. I just wanted to have that for the record.

Q    Okay. But can you provide truthful and accurate testimony with your attorney, Leta Holden, here today?

Also, when Consul General Malachi York El was questioned in reference
To him having any preparation for the deposition, he stated verbatim as follows;
Reference:Page 5 of the Deposition Transcript, #8:14

A    I had no idea I was having a deposition.
Q    Okay. So you didn't do anything to prepare?
A    No. I had no idea.
Q    Okay. You didn't look at any documents?
A    I was caught off guard.
Q    Okay. Did you talk to anyone about this deposition today?
A    No. I'm in G block. You don't talk to no one. You don't see anyone.
Q    Okay. Now, we're here today because you filed a complaint in federal court regarding a number of issues dealing with the Bureau of Prisons, correct?

6

24/02/2008 – CURRENT                28/09/2008

## (: IDENTIFIED TRIBUNAL)
## :AFFIDAVIT NOTICE OF THE ADMINISTRATIVE-TRIBUNAL PUBLIC NOTARY JUDGEMENT CLAIM OF ACQUITTAL BY THIS PROTEST FOR CLOSURE AGAINST THE ESCROW-ACCOUNT-CASE FILE#s 5:02-CR-27-CAR,   AND ALL FOLLOWING CASE NUMBERS ASSOCIATED:

## NOTICE TO PRINCIPAL IS NOTICE TO AGENT
## "NUNC PRO TUNC"

: Pursuant To: Title 42:U.S.C.§ 1986, O.C.G.A. § 11-1-207, O.C.G.A. § 15-16-4.1, UCC1-201, Title 28:U.S.C.§ 134:

| :Notary Public Acceptors: | | :Comm. Exp.: |
|---|---|---|
| 1. Laquetta C. Chirsp :County: Athens, | d/b/a LAQUETTA C. CHIRSP State:GA | February 13, 2012 |
| 2. Arall Charles :County: Athens, | d/b/a ARALL CHARLES State:GA | February 11, 2012 |
| 3. Juanchella Kemp :County: Athens, | d/b/a JUANCHELLA KEMP State:GA | February 12, 2012 |
| 4. Amir James :County: Athens, | d/b/a AMIR JAMES State:GA | February 12, 2012 |
| 5. Milcah McDade :County: Athens, | d/b/a RENAE MCDADE State:GA | May 15, 2011 |
| 6. Nkem O. Wilson :County: Fulton, | d/b/a NKEM O. WILSON State:GA | November 14, 2008 |
| 7. Shirley Evans :County: Athens, | d/b/a SHIRLEY EVANS State:GA | July 21, 2012 |

07
**Exhibit L-2**

Continued

8. Selina C. Hughs   d/b/a  SELINA C. HUGHS                November 6, 2011
:County: Athens,        State:GA

9. Iris Hamilton      d/b/a  IRIS HAMILTON                 February 7, 2012
:County: Fulton,        State:GA

10. Lamont Houser   d/b/a  LAMONT HOUSER               February 01, 2010
:County: Fulton,         State:GA

11. Rev. Sharif Wilson   d/b/a  REV. SHARIF WILSON       April 17, 2009
:County: Dekalb,        State:GA

12. [Corliss S. Clayton]   d/b/a  LAMONT HOUSER          February 01, 2010
:County: Fulton,         State:GA

13. [Barry M. Hamilton]  d/b/a BARRY M. HAMILTON        December 27, 2009
:County: Fulton,         State:GA

## :Sui Juris Foreign Notary Native American Citizen  Nationals:

14.  Zakur Re Tupak El                                    Expires with Life
:Territory-Continental u.S.A. / Turtle Island

15. Dawiyd Bar Eloheem El                                 Expires with Life
:Territory-Continental u.S.A. / Turtle Island

# BOND KNOWLEDGE,

# INCLUDING ASSOCIATED SURETY INSURERS,

# AND CRIMINAL COMPLAINTORS

# RE-CAP;

# Exhibit R

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DWIGHT D. YORK,                          *

        Plaintiff,                        *

vs.                                      *       CASE NO. 5:08-CV-455 CAR

UNITED STATES OF AMERICA,                                         *
FEDERAL BUREAU OF PRISONS,
                          *
        Defendants.

## ORDER TO FILE MORE SPECIFIC STATEMENT

Plaintiff York, a prisoner in the custody of the United States Bureau of Prisons who is currently incarcerated at the United States Penitentiary, in Florence, Colorado, has filed the above styled complaint. Plaintiff has paid the requisite $350.00 filing fee. The Court has reviewed Plaintiff's complaint and finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The purpose of a complaint is to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir. 1989). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "each allegation must be

simple, concise, and direct." Taken together, Rules 8(a) and (d)(l) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Plaintiff's complaint is unintelligible. The basis for the Court's jurisdiction and the substance of his claims cannot be determined. He fails to set forth a short and plain statement of his claims or ascertainable basis for relief. Sifting through the 140 pages of his pleadings does not provide identification of legally determinable claims. It is Plaintiff's responsibility to present his claims in a manner that does not require the court to decipher the meaning and intent of mystical verbiage. Plaintiff must present his claims in a manner that will readily enable the court and the defendants to know the jurisdictional basis for his claims and the substance of the claims being asserted, before any duty to respond arises. Plaintiff must allege, simply and concisely, his specific cause of action and the claims for relief sought, pursuant to the pleading requirements of Rule 8.

WHEREFORE, Plaintiff has thirty (30) days from receipt of this order to submit a supplemented complaint, limited to the claims made in his initial pleading, which conforms to the requirements of F.R.C.P. 8(a). A failure to respond to this order will result in a dismissal of Plaintiff's action without prejudice.

**SO ORDERED**, this 8th day of January, 2009.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw

2

# Exhibit S1-S2

Thursday, December 18, 2008 · Page 14 · WEST SIDE JOURNAL

# BIDS & NOTICES

## ADVERTISEMENT FOR BIDS

Sealed proposals will be received by the West Baton Rouge Parish School Board in the Meeting Room at 3 761 Rosedale Road, Port Allen, Louisiana up to 10:00 am, CDS Time, Tuesday, January 6, 2009 for furnishing all materials, labor, tools and equipment necessary to complete the following project:

    I. One wood frame portable building located at Chamberlain Elementary School 6024 Section Road in Port Allen, LA. 70767.

At this time all bids in-hand will be opened and read aloud.

Notations on outer face of envelope containing bids, which have the effect of amending the enclosed bid, will not be considered.

The contract documents may be obtained from the office of the architect, DEAN HOTARD & ASSOCIATES, An Architectural Corporation, 570 N. Jefferson Avenue, Port Allen, La.

No proposal may be withdrawn within forty-five (45) days after the above scheduled time of opening and the right is reserved to reject any or all bids.


'WEST BATON ROUGE SCHOOL BOARD


DAVID CARONA
SUPERINTENDENT

## NOTICE OF PUBLIC HEARINGS

### REZONING

Request: Rezoning from AG to R-M (Minor Subdivision)
Address: Swanson Lane, Port Allen, LA 70767
Property Description: Tract D-2 containing 4.55 acres, Tract D-2-A containing 2.89 acres, Tract D-3 containing 4.55 acres and Tract D-3-A containing 2.899 acres in Section 28, T6S, R11E for FA&C of Louisiana, LLC

A PUBLIC HEARING will be held by the West Baton Rouge ZONING COMMISSION relative to the rezoning requests.

Date: Tuesday    January 6, 2009    Time: 6:30pm

A PUBLIC HEARING will be held by the West Baton Rouge PARISH COUNCIL relative to the rezoning requests.

Date: Thursday    January 8, 2009    Time 6:30pm

All hearings will be held at the West Baton Rouge Parish Council Meeting Room, 880 North Alexander Avenue, Port Allen, Louisiana.

*Publish West Side Journal Three (3) Times : 12/18/08, 12/25/08 and 1/1/2009*

## NOTICE OF PUBLIC HEARING

### REZONING

Request: Rezoning from C-1 to C-1. 3  (Regional Commercial)
Address: Sharlot Blvd at Lobdell Hwy, Port Allen, LA 70767
Property Description: File # 2008-041 Lot PW-3 containing 5.995 acres in Section 91 & 92, T7S, R12E, West Baton Rouge Parish, Louisiana for Evan Cooper.

A PUBLIC HEARING will be held by the West Baton Rouge Zoning Commission relative to the rezoning requests.

Date: Tuesday, January 20, 2009    Time: 6:30pm

A PUBLIC HEARING will be held by the West Baton Rouge Parish Council relative to the rezoning requests.

Date: Thursday, January 22, 2009    Time 6:30pm

All hearings will be held at the West Baton Rouge Parish Council Meeting Room, 880 North Alexander Avenue, Port Allen, Louisiana.

*Publish West Side Journal Three (3) Times : 12/18/08, 12/25/08 and 1/1/2009*

## ADVERTISEMENT FOR BIDS

Sealed bids will be received by the Town of Addis at Town Hall until 4:00pm o'clock on the 13th day of January, 2009. The bids will be opened and read aloud at that time and location.

Project Name:    Shaw Sewer Line

PROJECT NO. :    0814

All Bids must be in accordance with the Contract Documents on file at the Town of Addis.

Copies of Specifications, Bid Documents, Contract Documents and Construction Plans for use in preparing Bids may be obtained from the office of Environmental Engineering Services, Inc., 610 Belle Terre Boulevard, LaPlace, LA 70068, (985-653-0185) upon payment of One Hundred ($100.00) Dollars per set. Deposits on the first set of Documents furnished to bona fide Bidders, will be fully refunded upon return of the documents in original condition and no later than ten (10) days after receipt of Bids. On other sets of documents furnished to said Prime Bidders, the deposit less actual cost of reproduction will be refunded upon return of the documents in original condition and no later than ten (10) days after receipt of bids.

In no event shall Proposal Forms be issued later than twenty-four (24) hours prior to the hour and date set for receiving proposals.

Each bid must be submitted in a sealed envelope bearing on the outside the name of the bidder, his/her address, contractor's state license number and the name of the project for which the bid is submitted. If forwarded by mail, the sealed envelope containing the bid must be enclosed in another envelope addressed to the Town of Addis, P.O. Box 237, Addis, La 70710.

CONTRACTORS desiring to bid shall submit to the Engineers, with their request for Contract Documents, contract documents deposit and evidence that they hold State License of proper classification and in full force and effect.

Bid security in the amount of five percent (5%) of the Total Bid must accompany each Bid, and shall be made payable to the Owner.

Each Bidder must deposit with his/her bid, security in the amount, for and subject to the conditions provided in the Information for Bidders. Sureties used for obtaining bonds must appear as acceptable on the Department of Treasury Circular 570.

Bidders must certify that they do not, and will not, maintain or provide for their employees and facilities that are segregated on a basis of race, color, creed or national origin.

If a NONRESIDENT CONTRACTOR bidding on public work in the State of Louisiana is domiciled in a state that provide a percentage preference in favor of CONTRACTORS for the same type work, then every Louisiana resident CONTRACTOR shall be granted the same preference over CONTRACTORS domiciled therein whenever the NONRESIDENT CONTRACTOR bid on public work in Louisiana (LA RS 38:2225). A CONTRACTOR who is a NONRESIDENT of the State of Louisiana must attach a copy of their State's law concerning preferential treatment and their State's percentage of bid preference. This information shall accompany CONTRACTOR'S bid proposal

The Owner reserves the right to waive any informalities or to reject any or all bids as allowed by the Louisiana Public Bid Law.

No bidder may withdraw his bid within forty-five (45) days after the actual date of opening thereof.


Town of Addis


BY: /s/ Mayor Carroll P. Bourgeois

To appear in the Westside Journal – Port Allen

Dates:  December 18, 2008, December 25, 2008, January 1, 2009

## NOTICE

    Notice is hereby given that the West Baton Rouge Parish Council has canceled its regularly scheduled meeting of Thursday, December 25, 2008 (Christmas Day).

WEST BATON ROUGE PARISH COUNCIL

*Publish W/S Journal December 18, 25, 2008*

*invite*

*people*

## Garage Sale

WEST SIDE
Journal
343-2540

At Part____ of the Supreme Court of
the State of New York, held in and
for the County of Sullivan, at
Monticello, New York, on the /5th
day of January, 1993

PRESENT:
HON. *Robert C. Williams*
_____
Justice

----------------------------------X

In the Matter of the Application of
ISSA AL HAADI AL MAHDI for leave to
change his name to

     MALACHI YORK.

----------------------------------X

Index No. 76/9

ORDER

Upon the petition of ISSA AL HAADI AL MAHDI, sworn

to on the 27th day of December 1992 praying for leave

to change his name from ISSA AL HAADI AL MAHDI, to MALACHI

YORK, and the Court being satisfied thereby that the petition

is true and that there being no objection to the change of

name proposed.

     NOW, upon motion of JOSEPH SADOW, attorney for

petitioner, it is

     ORDERED, that the petitioner, ISSA AL HAADI AL

MAHDI, born on June 26, 1945 at Boston, Massachusetts, whose

birth certificate number is 8523, is hereby authorized to

assume the name MALACHI YORK, in place and stead of his

present name on the 12th day of MARCH 1993,

and upon compliance with the provisions of this Order, it is

further

ORDERED, that this Order shall be entered, and the papers upon which it is granted, filed within ten (10) days from the date hereof, in the office of the Clerk of the County of Sullivan, wherein petitioner resides, and it is further

ORDERED, that at least once within twenty (20) days after entry of this Order, a notice in substantially the following form, shall be published in *Sullivan County Democrat Callicoon, New York*

Notice is hereby given that an order entered by the Supreme Court, Sullivan County on the *19th* day of *January* 1993, bearing Index Number *76/93*, a copy of which may be examined at the Office of the Clerk, located at Court House, Monticello, New York 12701; the date of my birth is June 26, 1945; the place of my birth is Boston, Massachusetts; my present name is ISSA AL HAADI AL MAHDI.

and it is further

ORDERED, that within forty (40) days of the making of this Order, an affidavit of publication as herein directed shall be filed in the Office of the Clerk of the County of *Sullivan*; and it is further

ORDERED, that upon full compliance with the above provisions of this Order, the petitioner shall, on and after

2

the 12th day of March 1993, be known by the
name of MALACHI YORK, which he is hereby authorized to
assume, and by no other.

STATE OF NEW YORK } ss.:
Sullivan County Clerk's Office }

I, George L. Cooke, County Clerk in and for said County, do hereby certify that I have compared the foregoing copy of a Order

with the original now remaining on file in this office and that the same is a correct transcript therefrom and of the whole of said original.

ENDORSED, FILED.

January 26, 1993

George L. Cooke
Clerk

In Testimony whereof, I have hereunto set my hand and affixed the seal of said County this 17th day of March A.D., 1993

George L. Cooke
, Clerk

3

# Exhibit T

# AFFIDAVIT OF TRUTH

Be it known to all who call themselves government, their courts, agents, and other parties, that I, Malachi York El:©™, am a natural born sovereign individual, Diplomat and citizen of Liberia DP#: 003828-04. I am not subject to anyone.

I am not dominated by anyone. I am not a person as defined in your statutes when such definition includes artificial entities. I refuse to be treated as a federally or state created entity which is only capable of exercising certain rights, privileges, or immunities as specifically granted by Federal or State governments. I may voluntarily choose to comply with the laws which others attempt to impose upon me, but no such laws, nor their enforcers, have any authority over me. I am not in any jurisdiction, for I am not of subject status. Unless I have willfully harmed or violated someone or someone's property without their consent, I have not committed any crime, and am therefore not subject to any penalty (**See Exhibits V1-J11** Affidavits of alleged victims recanting their original testimony). Thus, be it known to all, that I reserve my natural right not to be compelled to perform under any contract that I did not enter into knowingly, voluntarily, and intentionally. Furthermore, I do not accept the "liability associated with the compelled and pretended benefit of any hidden or unrevealed contract or commercial agreement. As such, the hidden or unrevealed contracts that supposedly create obligations to perform, for persons of subject status, are inapplicable to me, and are null and void. If I have participated in any of the supposed benefits associated with these hidden contracts, I have done so under duress, for lack of any other practical alternative. I may have received such benefits but I have not accepted them in a manner that binds me to anything. Any such participation does not constitute acceptance, because of the absence of full disclosure of any valid offer, and voluntary consent

without misrepresentation or coercion. Without a valid voluntary offer and acceptance, knowingly entered into by both parties, there is no "meeting of the minds," and therefore no valid contract. Any supposed contract is therefore void, from the beginning. From my age of consent to the date affixed below I have never signed a contract knowingly, willingly, intelligently, voluntarily, and intentionally whereby I have waived any of my natural inherent rights, and, as such, take notice that I revoke, cancel, and make void from the beginning my signature on any and all contracts, agreements, forms, or any instrument which may be construed in any way to give any agency or department of any government any authority, venue, or jurisdiction over me. Typical examples of such compelled and pretended benefits are:

1. Birth Certificate: The fact that a birth certificate was issued to me by a local hospital or government agency when I was born, is irrelevant to my sovereignty. No status, high or low, can be assigned to another person through a piece of paper, without the recipient's full knowledge and consent. Therefore, such a piece of paper provides date and place information only. It indicates nothing about jurisdiction, nothing about property ownership, nothing about rights, and nothing about subject status. The only documents that can have any significance, as it concerns my status in society, are those which I have signed as an adult, with full knowledge and consent, free from misrepresentation or coercion of any kind.

2. The use of national currency to discharge my debts: I have used these only because there is no other widely recognized currency.

3. The use of a bank account: If there is any hidden contract behind an account, my signature there with gives no validity to it. The signature is only for verification of identity. I can not be obligated to fulfill any hidden or unrevealed "contract" whatsoever, due to the absence of full disclosure and voluntary consent. Likewise, my use of the bank

account is due to the absence of an alternative. To not use any bank at all is very difficult and impractical.

4. The use of a driver's license: There is no real need for me to have such a license for traveling in a car.  However, if I am stopped for any reason and found to be without a license, it is likely I would be unduly harassed and penalized. Therefore, under duress, I carry a license only to avoid extreme inconvenience.

5. State plates on my car: Similarly, if I have registered my car with the state and carry the state plates on it, I have done so only because to have any other plates or no plates at all, causes me to run the risk of police officer harassment and extreme inconvenience.

6. The use of a passport: There is no real need for me to have a United States passport (or other associated permits, visas, etc.) to travel.  I have the right to travel without hindrance, wherever, however, and whenever I wish, so long as I do not encroach upon the private property of others.  Though without a passport, my right to travel is unduly hindered. Therefore, under duress, I only use a "passport" to prevent extreme inconvenience and to ensure that I can travel from one country to another at all.

7. Past filing of tax returns: Because such tax returns were filed under threat, duress, and coercion, and no two-way contract was ever signed with full disclosure, there is nothing in any past filing of tax returns or payments that created any valid contract. Therefore, no obligation on my part was ever created.

8. Past enrollment and voting: Similarly, since no obligation to perform in any manner was ever revealed in print, as part of the requirements for the supposed privilege to enroll and vote, any such enrollment or voting does not oblige me to do anything, nor grant any jurisdiction over me to anyone.

9. Citizenship: Any document I may have ever signed, in which I answered "yes" to the question, Are you a United States citizen? - cannot be used to compromise

my status as a sovereign, nor obligate me to perform in any manner. This is because without full written disclosure of the definition and consequences of such supposed citizenship, provided in a document bearing my signature given freely without misrepresentation or coercion, there can be no binding contract. I am not a United States citizen.  I am not a resident of, an inhabitant of, a franchise of, a subject of, a ward of, the property of, the chattel of, or subject to the jurisdiction of any monarch or any corporate commonwealth, federal, state, territory, county, council, city, municipal body politic, or other government allegedly created under the authority of, or known as the United States. I am not subject to any legislation, department, or agency created by such authorities, nor to the jurisdiction of any employees, officers, or agents deriving their authority there from.  Nor do any of the statutes or regulations of such authorities apply to me or have any jurisdiction over me.

Further, I am not a subject of any courts or bound by precedents of any courts, deriving their jurisdiction from said authorities.  Take notice that I hereby cancel and make void fromthe beginning any such instrument or any presumed election made by any government or any agency or department thereof known as the United States, that I am or ever have voluntarily elected to be treated as a subject of any monarch or a citizen, or a resident of any commonwealth, state, territory, possession, instrumentality, enclave, division, district, or province, subject to their jurisdiction(s). **(See Exhibit K1-K4** Liberian Documents Pursuant to 8 U.S.C. § 1481, (See **Exhibit K-5** Liberian Citizenship acknowledgement by the Department of Justice  and See **Exhibit K-6** The United States District Court For The District of Colorado)

10. Constitution: The document supposedly setting forth the foundations of a country and its government, has no inherent authority or obligation. A constitution has no

authority or obligation at all, unless as a contract between two or more individuals, and then it is limited only to those individuals who have specifically entered into it. At most, such a document could be a contract between the existing people at the time of its creation, but no-one has the right, authority, or power to bind their posterity. I have not knowingly, voluntarily and intentionally entered into any such constitution contract to oblige myself thereby, therefore such a document is inapplicable to me, and anyone claiming to derive their authority from such a document has no jurisdiction over me.

11. Use of semantics: Because the courts have become entangled in the game of semantics, be it known to all courts and all parties, that if I have ever signed any document or spoken any words on record, using words defined by twists in any law books different from the common usage, there can be no effect whatsoever on my sovereign status in society thereby, nor can there be created any obligation to perform in any manner, by the mere use of such words. Where the definition in the common dictionary differs from the definition in the law dictionary, it is the definition in the common dictionary that prevails, because it is more trustworthy. Such compelled and supposed benefits include, but are not limited to, the aforementioned typical examples. My use of such alleged benefits is under duress only, and is with full reservation of all my natural inherent rights. I have waived none of my intrinsic rights and freedoms by my use thereof. Furthermore, my use of such compelled benefits may be temporary, until alternatives become available, practical, and widely recognized.

## REVOCATION OF POWER OF ATTORNEY

I hereby revoke, rescind, cancel, and make void from the beginning, all powers of attorney, in fact or otherwise, implied in "law" or otherwise, signed either by me or anyone else, as it pertains to any tax file/identification number and/or social security number assigned to me, as it pertains to my birth certificate, and as it pertains to any and all other numbers, licenses, certificates, and other instruments issued by any and all

government and quasi-governmental departments or agencies, due to the use of various elements of fraud by said agencies to attempt to deprive me of my sovereignty and/or property. I hereby waive, cancel, repudiate, and refuse to knowingly accept any alleged benefit or gratuity associated with any of the aforementioned numbers, licenses certificates, and other instruments. My use of any such numbers, licenses, certificates, or other instruments has been for information purposes only, and does not grant any jurisdiction to anyone. I do hereby revoke and rescind all powers of attorney, in fact or otherwise, signed by me or otherwise, implied in law or otherwise, with or without my consent or knowledge, as it pertains to any and all property, real or personal, corporeal or incorporeal, obtained in the past, present, or future. I am the sole and absolute owner and possess allodial title to any and all such property. Take notice that I also revoke, cancel, and make void from the beginning all powers of attorney, in fact, in presumption, or otherwise, signed either by me or anyone else, claiming to act on my behalf, with or without my consent, as such power of attorney pertains to me or any property owned by me, by, but not limited to, any and all quasi/colorable, public, governmental departments, agencies or corporations on the grounds of constructive fraud, concealment, and nondisclosure of pertinent facts. I affirm that all of the foregoing is true and correct. I affirm that I am competent to make this Affidavit. I hereby affix my own signature to all of the affirmations in this entire document with explicit reservation of all my inalienable rights and my specific right not to be bound by any contract or obligation which I have not entered into knowingly, voluntarily, intentionally, and without misrepresentation, duress, or coercion.

## * * * NOTARY PUBLIC * * *

The use of notary below is for identification only, and such use does not grant any jurisdiction to anyone.   FURTHER AFFIANT SAITH NOT.Subscribed and sworn, without prejudice, and with all rights reserved,

(Printed Name:)_Malachi York_____.

Principal, by Special Appearance, in Propria Persona, proceeding Sui Juris.

Signed:_____ Date:__1/10/2009____

On this _10th_ day of _January_, _2009_, before me, the undersigned, a Notary Public in and for _MALAchi yoRK_____, personally appeared the above-signed, known to me to be the one whose name is signed on this instrument, and has acknowledged to me that s/he has executed the same.

Signed:_____,

Printed Name:_ARALL CHARLES_____

Date:_01/10/09_.

*KNOWLEDGE PURSUANT TO TRANSFER*

U.S. Department of Justice

Federal Bureau of Prisons
*U.S. Penitentiary*

*Marion, IL 62959*

October 3, 2005

Zenitra Cross
Post Office Box 1591
Monroe, Georgia 30655

RE:    YORK, Dwight
       Reg. No. 17911-054

Dear Ms. Cross:

Your letter dated August 24, 2005, with an attachment addressed to the Director of the Federal Bureau of Prisons, has been forwarded to my office for a response. In your letter, you claim the above-referenced inmate was illegally transferred to the United States Penitentiary at Marion, Illinois.

Dwight York was convicted of Transporting Minors in Interstate Commerce for Unlawful Sexual Activity, Conspiracy to Commit Racketeering Violations, Racketeering Acts, Conspiracy to Transport Minors in Interstate Commerce for Unlawful Sexual Activity, Travel in Interstate Commerce to Engage in Sexual Acts with Minors and Interstate Commerce with Intent to Structure Illegal Cash Transactions. He was sentenced to 1,620 months with three years supervision to follow. Mr. York has a good conduct release date of December 15, 2119. ← *Very Insensitive*

Mr. York was originally designated to the United States Penitentiary, Leavenworth, Kansas. Based on the severity of the crimes for which Mr. York was convicted, the length of his sentence, and his past criminal convictions, staff at USP, Leavenworth submitted a greater security transfer to the North Central Regional Office. After review by the appropriate Regional staff, Mr. York was approved for transfer to USP, Marion.

The transfer of Mr. York to USP, Marion was in accordance with established procedures. Therefore, your claim Mr. York received an illegal transfer to this institution is without merit.

Sincerely,

Randy J. Davis
Warden