IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

Dwight D. York,          *

    Plaintiff            *

                              Case Number 5:08-CV-455 (CAR)

vs.

USA, et al.,

    Defendants

ORDER OF REFERRAL

IT IS ORDERED that the above-captioned matter is hereby referred to Magistrate Judge G. Mallon Faircloth for the conduct of proceedings herein in accordance with 28 U.S.C. §636 and Local Rule Seventy-Two. Within TEN (10) DAYS after being served with any nondispositive order or any proposed findings or recommendations, any party hereto may serve and file written objections thereto with the Clerk of Court. Said objections will then be reviewed and considered by the District Judge to whom said action is assigned. If the parties hereafter consent to trial and/or disposition of this matter by the United States Magistrate Judge, the Magistrate Judge will direct the entry of a final judgment and any appeal will be made directly to the Eleventh Circuit Court of Appeals.

SO ORDERED this 5th day of January, 2009.

Gregory J. Leonard, Clerk

S/Cheryl V. Alston, Deputy Clerk
At the Direction of the Court

ACCEPT FOR VALUE
Officer Holder of the Treasury: Accepts for Value and Consideration
EL, MALACHI Z YORK, CESTUI QUE TRUST. Accepts for Value and Consideration all associated Debts hereby, Endorsements, or RELATED MORTGAGES, PURSUANT TO: UCC1-207, UCC1-308, ARTICLE 9, ARTICLE 2, ARTICLE 3, ARTICLE 8, AND ARTICLE 4 OF THE UCC: "Preferred Stock" Registered Account# Exempt Thru Treasury Dept RR059445061US, ATTN: Henry M. Paulson Jr. CUSIP-AUTOTRIS#064360272 THROUGH US DISTRICT COURT "et al" ACCOUNT# 5:02-CR-27-CAR, "et al" FLORENCE ADMAX
PROPERTY ADDRESS: USP FLORENCE PO BOX 8500 FLORENCE, CO 81226 ACCOUNT NUMBER: 04-V-0269-1, 5:08-cv-455"et al" FOR FULL SET-OFF PAYMENT AMOUNT: $350Mil.USD TO US District Court Of GA 475 Mulberry St. Macon, GA 1202 Authorized Agent: Malachi York Date: 1/10/2008

FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA

2009 JAN 20  PM 3: 55

C Auston
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

DWIGHT D. YORK,                                    *

    Plaintiff,

vs.                                                            *        CASE NO. 5:08-CV-455-CAR

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,

    Defendants.                                      *

**ORDER TO FILE MORE SPECIFIC STATEMENT**

    Plaintiff York, a prisoner in the custody of the United States Bureau of Prisons who is currently incarcerated at the United States Penitentiary in Florence, Colorado, has filed the above styled complaint. Plaintiff has paid the requisite $350.00 filing fee. The Court has reviewed Plaintiff's complaint and finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The purpose of a complaint is to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Specifically, Rule 8(a) provides that a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "each allegation must be

simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Plaintiff's complaint is unintelligible. The basis for the Court's jurisdiction and the substance of his claims cannot be determined. He fails to set forth a short and plain statement of his claims or ascertainable basis for relief. Sifting through the 140 pages of his pleadings does not provide identification of legally determinable claims. It is Plaintiff's responsibility to present his claims in a manner that does not require the court to decipher the meaning and intent of mystical verbiage. Plaintiff must present his claims in a manner that will readily enable the court and the defendants to know the jurisdictional basis for his claims and the substance of the claims being asserted, before any duty to respond arises. Plaintiff must allege, simply and concisely, his specific cause of action and the claims for relief sought, pursuant to the pleading requirements of Rule 8.

WHEREFORE, Plaintiff has thirty (30) days from receipt of this order to submit a supplemented complaint, limited to the claims made in his initial pleading, which conforms to the requirements of F.R.C.P. 8(a). A failure to respond to this order will result in a dismissal of Plaintiff's action without prejudice.

SO ORDERED, this 8th day of January, 2009.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw

